IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SCOTT L. APEL,
    Plaintiff,

vs.                                    Case No: 3:06cv136/RS/MD

CENTRAL INTELLIGENCE AGENCY,
    Defendant.
_____

ORDER and
REPORT AND RECOMMENDATION

    Plaintiff, proceeding *pro se*, has filed a complaint pursuant to 28 U.S.C. § 1331 and the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). (Doc. 1). He also has filed a motion to proceed *in forma pauperis*. (Doc. 5). Good cause having been shown, leave to proceed *in forma pauperis* will be granted. However, upon review of plaintiff's complaint, the court concludes that plaintiff has not presented and cannot present an actionable claim in this forum and that dismissal is therefore warranted.

    Named as the sole defendant in this action is the Central Intelligence Agency ("CIA"). Plaintiff complains that the defendant has not responded to a Freedom of Information Act request plaintiff sent to the agency on March 14, 2003 requesting "information and copies of e-mails that were sent by [plaintiff] through their website." (Doc. 1, p. 3). Plaintiff contends that the e-mails "are very important and are necessary evidence in a civil case." Claiming violation of the Freedom of Information Act, plaintiff asks that the judge order the CIA "to send the requested documents." (*Id.*, p. 4).

    Since plaintiff is proceeding *in forma pauperis*, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on

which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."   28 U.S.C.A. § 1915(e)(2)(B).   A complaint is frivolous under section 1915(d) "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *Id.* at 327, 109 S.Ct. at 1833, or when the claims rely on factual allegations that are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997).   The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff. *Davis v. Monroe County Bd. Of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed only if it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief.  *Brown v. Budget Rent-A-Car Sys., Inc.*, 119 F.3d 922, 923 (11th Cir. 1997).

  The FOIA confers jurisdiction on the district courts "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld."   5 U.S.C. § 552(a)(4)(B).   Under this provision, "federal jurisdiction is dependent on a showing that an agency has (1) 'improperly' (2) 'withheld' (3) 'agency records.' "  *Kissinger v. Reporters Comm. for Freedom of Press*, 445 U.S. 136, 150, 100 S.Ct. 960, 968, 63 L.Ed.2d 267 (1980).  "Unless each of these criteria is met, a district court lacks jurisdiction to devise remedies to force an agency to comply with the FOIA's disclosure requirements." *United States Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142, 109 S.Ct. 2841, 2846-47 (1989).  The plaintiff has the initial burden of establishing that the court has jurisdiction over his claims.  See FED. R. CIV. P. 8(a)(1); *Goldgar v. Office of Admin., Executive Office of the President*, 26 F.3d 32, 34 (5th Cir. 1994).  A plaintiff who fails to allege any improper withholding of agency records fails to state a claim for which a court has jurisdiction under the FOIA.  *Goldgar*, 26 F.3d at 34; *cf. National Fed'n of Fed. Employees v. United States*, 695 F.Supp. 1196, 1204 (D. D.C. 1988).

Taking the allegations of plaintiff's complaint as true, and construing them in the light most favorable to him, plaintiff fails to allege the withholding of agency records. Documents qualify as "agency records" subject to FOIA disclosure if they are (1) created or obtained by an agency, and (2) in the agency's control at time the FOIA request is made. *Tax Analysts*, 492 U.S., at 144-45, 109 S.Ct., at 2848. Plaintiff fails to meet the first requirement in that he alleges that the e-mails at issue were created by him. Based on the foregoing, this suit should be dismissed with prejudice for plaintiff's failure to meet the jurisdictional requirements of the FOIA.

Accordingly, it is ORDERED:

Plaintiff's motion to proceed *in forma pauperis* (doc. 5) is GRANTED.

And it is respectfully RECOMMENDED:

That this cause be DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii), and the clerk be directed to close the file.

At Pensacola, Florida this 17th day of April, 2006.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).